IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DAVID YBANEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 5:21-CV-109-BR |
| § | |
| SMALL BUSINESS DEVELOPING § | |
| CENTER, *et al.*, § | |
| § | |
| Defendants. § | |

## **MEMORANDUM OPINION AND ORDER TO DISMISS**

This matter comes before the Court upon review of the Amended Complaint, (ECF 9), as required by 28 U.S.C. § 1915A. That statute requires courts to, as soon as practicable, review complaints filed in civil cases by prisoners who have not paid the filing fee. Courts are to dismiss complaints that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Plaintiff asserts claims against two Defendants, Brain NLN[1] [sic] and an unnamed regional director of the Small Business Development Center of Midland, Texas. (ECF 9 at 3). In substance, Plaintiff complains that Defendant Brain stole his business idea and that Defendant Regional Director discriminated against him. (*Id.*). Plaintiff does not elaborate on his allegations against the regional director, but he does state that after presenting a business plan at a Small Business Development Center meeting in Lamesa, Texas, Defendant Brain stole his business plan. (*Id.* at 4).

---

[1] Later in the Amended Complaint, Plaintiff changes the name to Defendant Bryan. (ECF 9 at 4). However, the Court will refer to this Defendant as Brain to maintain consistency with the caption of this case and Plaintiff's naming of him in the first instance.

As an initial matter, Plaintiff does not set forth the basis of his discrimination claim. Without an assertion by Plaintiff that he is a member of a protected class and that he was discriminated against because of that membership, the Court cannot analyze his allegations further. Therefore, Plaintiff's discrimination claim against the unnamed regional director shall be dismissed.

Turning now to the allegation against Defendant Brain, Plaintiff brings what is, at bottom, an intellectual property claim. (*Id.* at 3, 4). Rights to intellectual property flow from statutory sources. *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995). In contrast, civil rights claims brought under 42 U.S.C. § 1983 must sound through federal constitutional rights. *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976). Because the rights Plaintiff seeks to vindicate, the propriety of which the Court endeavours not to comment upon, are found in statutory rather than constitutional texts, a civil rights claim of the sort brought here by Plaintiff is not the correct vehicle. In short, Plaintiff cannot use the constitutionally focused power of § 1983 to redress a grievance which is not constitutional in nature.[2] Accordingly, the Complaint must be dismissed.[3]

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint, (ECF 9), is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The Clerk is directed to consider this matter a strike within the meaning of 28 U.S.C. § 1915(g). Judgment is rendered

---

[2] Even if Plaintiff's claims are those for common-law trade-secret misappropriation or theft of trade secrets under Texas law, this case would fail for lack of jurisdiction in that Plaintiff and the named Defendants all appear to be Texas citizens.

[3] It is the practice of the Court to allow *pro se* plaintiffs the opportunity to amend their complaint before a dismissal as frivolous is entered. However, in this matter, Plaintiff has both amended his Complaint, (ECF 9), and been given the opportunity to clarify his claims via a questionnaire. (ECF 14). Because Plaintiff has both amended his allegations and stated his 'best case,' dismissal is appropriate. *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

accordingly.

       IT IS SO ORDERED.

       ENTERED August 8, 2023.

                                                                _____
                                                                 LEE ANN RENO
                                                                 UNITED STATES MAGISTRATE JUDGE